IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERICK JEROME BERRY, | ) |
|       Petitioner, | ) |
| v. | )   Case No. CIV-19-1124-D |
| JEORLD BRAGGS, JR., Warden, | ) |
|       Respondent. | ) |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 18] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 be denied. Petitioner, who appears *pro se*, has filed a timely Objection [Doc. No. 21] within the deadline set by the Court. *See* 5/21/20 Order [Doc. No. 20]. Thus, the Court must make a *de novo* determination of any part of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner, seeks relief from a 2017 conviction by a jury of unlawful possession of a firearm after a felony conviction, and from a 35-year prison sentence based on evidence of four prior felony convictions.[1] The Oklahoma Court of Criminal Appeals

---

[1] Petitioner also faced other charges in the case, which was tried in three stages. The first stage concerned two drug charges and resulted in a dismissal of one charge and an acquittal of the other. In the second stage, Petitioner was found guilty of the firearm offense, and the third stage was a sentencing proceeding.

("OCCA") affirmed Petitioner's conviction and sentence in an unpublished opinion. *See Berry v. State*, No. F-2017-799 (Okla. Crim. App. Nov. 29, 2018). This federal habeas action was timely filed under the prison mailbox rule. Petitioner asserts four grounds for relief, together with a claim of cumulative error: 1) denial of due process through the admission of unredacted copies of his criminal judgments that informed jurors of prior probationary, suspended, and concurrent sentences and allegedly caused them to recommend an unduly harsh sentence in this case; 2) prosecutorial misconduct through improper argument regarding unproven drug charges and prior convictions; 3) insufficient evidence that he knowingly possessed the firearm, which was found in a vehicle in which he was a passenger; and 4) ineffective assistance of counsel based on his trial attorney's failure to object to the prosecutor's alleged misconduct.

In a 19-page Report, Judge Purcell conducts a careful examination of Petitioner's claims in light of Respondent's answer, the relevant state court record, and governing legal standards. Judge Purcell concludes that all claims lack merit. Judge Purcell finds that Petitioner has not shown the OCCA's determinations involved unreasonable applications of clearly established federal law. Liberally construing Petitioner's Objection, he challenges Judge Purcell's findings and conclusions regarding each of his four claims.[2]

---

[2] The Objection is silent regarding Judge Purcell's analysis of the claim of cumulative error (R&R at 17-18) so further review of this claim is waived. *See United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Petitioner also asks that his filing be viewed as a reply brief regarding the merits of his claims. Judge Purcell twice granted Petitioner extensions of time to file a reply brief, but proceeded without one when Petitioner failed to comply with the last deadline or make another request. Petitioner asserts that he was prevented from filing due to a prison lockdown that was strictly enforced in response to the coronavirus pandemic. Accepting Petitioner's representations,

Pursuant to 28 U.S.C. § 2254(d)(1), Petitioner is not entitled to relief unless he establishes that the OCCA's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  "An OCCA decision is 'contrary to' a clearly established law if it applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts."  *Lockett v. Trammell*, 711 F.3d 12218, 1231 (10th Cir. 2013) (internal quotations and alterations omitted); *see Bell v. Cone*, 543 U.S. 447, 452-54 (2005); *Wood v. Carpenter*, 907 F.3d 1279, 1289 (10th Cir. 2018).  "'It is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'"  *Al-Yousif*, 779 F.3d at 1180 (quoting *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013)) (alteration in *Al-Yousif*, internal quotations omitted); *see also Wood*, 907 F.3d at 1289 ("a state court's application of federal law is only unreasonable if all fairminded jurists would agree the state court decision was incorrect") (internal quotation omitted).

**Claim 1:   Denial of Due Process**

Petitioner's claim that he was denied due process through the improper admission of evidence of his prior criminal judgments appears to be based on a state law rule.  *See*

---

and considering the Court's obligation to make a *de novo* determination and its discretion to consider new materials, the Court finds that Petitioner's additional arguments should be considered.

Obj. at 3-4. The OCCA determined that Petitioner was incorrect regarding the rule and that evidence of Petitioner's prior criminal judgments was properly admitted; the court implicitly ruled that Petitioner had not shown a denial of due process. Framed by the deferential standard of 28 U.S.C. § 2254(d), Judge Purcell finds that Petitioner has failed to show the OCCA unreasonably applied a constitutional standard. Further, because Petitioner contends only that the evidence unfairly affected his sentence, Judge Purcell observes that a 35-year prison term was well within the maximum penalty of life imprisonment and, thus, is not subject to federal review. *See* R&R at 8.

Upon *de novo* consideration, the Court concurs in Judge Purcell's findings and conclusion regarding Petitioner's evidentiary claim. In argument regarding this claim, Petitioner has not met his burden to show the OCCA unreasonably applied clearly established federal law as determined by the Supreme Court. Petitioner argues only that OCCA was wrong as a matter of state law.[3] Therefore, the Court finds that Petitioner has not shown a basis for federal habeas relief on this claim.

**Claim 2:   Prosecutorial Misconduct**

Petitioner claims the prosecutor made improper statements regarding drug-related conduct and facts not in evidence during closing arguments on the firearm offense and that this misconduct amounted to a denial of due process. The OCCA found that the prosecutor's comments were not improper, and rejected this claim of error. Judge Purcell

---

[3] Further, because Petitioner does not challenge Judge Purcell's analysis of any due process claim asserted, he has waived further review of this issue. *See United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

reasons that, because Petitioner does not claim that the prosecutor's conduct prejudiced a specific constitutional right, he must show the improper remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *accord Cuesta-Rodriguez v. Carpenter*, 916 F.3d 885, 907 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 844 (2020); *Matthews v. Workman*, 577 F.3d 1175, 1186 (10th Cir. 2009).   Like Judge Purcell, the Court finds that Petitioner has not shown the OCCA's determination of his claim regarding prosecutorial misconduct was unreasonable under the federal standard.[4]   Therefore, Petitioner is not entitled to habeas relief on this claim.

**Claim 3:   Sufficiency of the Evidence**

Petitioner renews a challenge he asserted on direct appeal regarding the sufficiency of the evidence to prove he knowingly possessed a handgun that was found underneath the driver's seat of a truck in which he was riding as a passenger.   The gun was partially covered by a t-shirt in which illegal drugs were found, and Petitioner was acquitted of the related drug charge.   *See supra* note 1.   Because the driver claimed the gun was hers and the government presented no evidence linking Petitioner to the gun, he argues that no reasonable juror could have found him guilty of the charged offense.

An insufficiency of evidence claim is governed by the standard announced in *Jackson v. Virginia*, 443 U.S. 307 (1979), which requires a court to determine "whether,

---

[4] "Even when a state court fails either to mention the federal basis for the claim or cite any state or federal law in support of its conclusion, we presume the court reached a decision on the merits." *Simpson v. Carpenter*, 912 F.3d 542, 583 (10th Cir. 2018), *cert. denied*, 140 S. Ct. 390 (2019) (internal quotation omitted).

after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319 (emphasis in original).  In federal habeas proceedings, where an insufficiency claim was resolved on the merits in state court, there is "an additional degree of deference," and the question becomes "whether the OCCA's conclusion that the evidence was sufficient constituted an unreasonable application of the *Jackson* standard."  *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) (internal quotation omitted).  The Tenth Circuit calls this standard of review "deference squared."  *Hooks v. Workman*, 689 F.3d 1148, 1166 (10th Cir. 2012) (internal quotation omitted); *see Torres v. Lytle*, 461 F.3d 1303, 1313 (10th Cir. 2006).

To establish the charged offense of violating Okla. Stat. tit. 21, § 1283(A), the government was required to prove that Petitioner knowingly and willfully had a pistol in a vehicle in which he was riding and that he was previously convicted of a felony.  *See* Okla. Uniform Jury Instr. – Crim. 2d, No. 6-39.  In analyzing this claim on direct appeal, the OCCA expressly applied the *Jackson* standard to the trial evidence and reconciled the different verdicts on Petitioner's drug and gun charges based on evidence that the drugs were hidden in a t-shirt but the gun was in plain sight.  Importantly, the OCCA concluded that a rational trier of fact could have found the essential elements of the gun charge beyond a reasonable doubt and, specifically, "could have found that [Petitioner] knew the handgun was in the truck."  *See* Summ. Op. [Doc. No. 10-1] at 8.  The Court cannot say this determination was an unreasonable application of *Jackson* and, therefore, the Court finds no basis for relief on Petitioner's third claim.

**Claim 4:    Ineffective Assistance of Counsel**

Petitioner raised on direct appeal the claim that his trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to object to prosecutorial misconduct during closing arguments.  The OCCA considered and rejected this claim. Thus, in this Court, Petitioner's claim is subject to "doubly deferential" review under the standard of § 2254(d).   *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).   "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.   The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."   *Harrington v. Richter*, 562 U.S. 86, 105 (2011).   Where a state court could have reasonably determined that defense counsel acted on strategic decisions and performed competently, and the state court could have reasonably concluded that there was no substantial likelihood counsel's actions altered the outcome of the case, federal habeas relief is unavailable.   *See id*. at 111-12.

In this case, Petitioner fails to present any argument that would satisfy this "doubly" deferential standard regarding his trial counsel's performance.    Therefore, the Court finds that Petitioner's claim of ineffective assistance of trial counsel lacks merit.

## Conclusion

For these reasons, the Court finds no basis in Petitioner's Objection or in the case record to disagree with Judge Purcell's analysis of the issues and his recommendation to deny federal habeas relief on all Petitioner's claims.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 18] is ADOPTED, as set forth herein. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 is DENIED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied.

IT IS SO ORDERED this 26th day of June, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge